UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Carlos D. Badel,
and other similarly situated
individuals,

    Plaintiff(s),

v.

Bringer Corporation,
and Eduardo De Castro, individually

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Carlos D. Badel and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Bringer Corporation, Inc., and Eduardo De Castro, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Carlos D. Badel is a Dade County, Florida, resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Bringer Corporation (from now on, Bringer Corporation or Defendant) is a Florida Profit Corporation registered to do business in Florida. Defendant has a place of

business in Dade County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. Defendant Bringer Corporation is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. The individual Defendant, Eduardo De Castro, was and is now the owner/partner and general manager of Bringer Corporation. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

7. This cause of action is brought by Plaintiff Carlos D. Badel as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being adequately compensated.

8. Defendant Bringer Corporation is an international shipping and transportation logistics company. Defendant has facilities located at 8351 NW 21 ST, Doral, FL 33122, where Plaintiff worked.

9. Defendants Bringer Corporation and Eduardo De Castro employed Plaintiff Carlos D. Badel as a non-exempt, full-time, employee from approximately October 03, 2018, to

August 04, 2023, or more than four years. However, for FLSA purposes, Plaintiff's relevant employment period is 134 weeks.

10. Within the relevant employment period Plaintiff was paid an annual salary of approximately $75,000.00 for 2021, $87,000.00 for 2022, and $95,000.00 for 2023.

11. During his employment with Defendants, Plaintiff was misclassified as a Warehouse Manager. However, according to his primary duties, Plaintiff was a lead warehouse employee with additional responsibilities, such as directing the work of six other warehouse employees.

12. Plaintiff's primary duties were non-exempt, manual, repetitive warehouse work including receiving, shipping, sorting, palletizing, packing, labeling, disposal of warehouse garbage, cleaning, and all the work necessary to operate the warehouse. These and other manual tasks constituted 80% of Plaintiff's work. Plaintiff had additional clerical responsibilities preparing warehouse and shipping documentation.

13. Plaintiff performed the same work as other warehouse employees. Plaintiff did not perform any work related to the management of the warehouse, and his primary duties did not require independent judgment or discretion concerning matters of significance for the department. Plaintiff did not hire and fire, he prepared schedules following instructions, and he did not make decisions on his own. Plaintiff reported directly to business owner, Eduardo De Castro, and worked under his supervision.

14. Consequently, Plaintiff did not meet the requirements for any overtime payment exemption, and he was entitled to be paid for every overtime hour worked.

15. During the relevant period of employment at Bringer Corporation, Plaintiff worked six days per week on a regular schedule. Plaintiff worked Monday, Tuesday, Thursday, and

Saturday from 8:30 AM to 7:30 PM (11 hours daily), and on Wednesday and Friday from 8:30 PM to 11:00 PM (14.5 hours daily). Plaintiff worked 67 hours weekly. Plaintiff has already deducted from his working hours 6 hours of lunchtime for the week.

16. Plaintiff worked more than 40 hours every week, but he was not paid for overtime hours.

17. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Defendants could track the hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was working.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly with checks and paystubs that did not reflect the number of days and hours worked.

20. On or about August 04, 2023, Plaintiff left his position to look for better employment opportunities.

21. At times mentioned, individual Defendant Eduardo De Castro was and is now, the owner/partner/and operator of Bringer Corporation. Defendant Eduardo De Castro was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Bringer Corporation's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Eduardo De Castro had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, Eduardo De Castro is jointly and severally liable for Plaintiff's damages.

22. Plaintiff Carlos D. Badel seeks to recover unpaid overtime for every overtime hour worked during his relevant employment period, plus liquidated damages and any other relief as allowable by law.

23. Plaintiff Carlos D. Badel does not have time and payment records, but he will provide a good-faith estimate about his unpaid overtime,

Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

26. This action is intended to include every warehouse employee and similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

27. Plaintiff Carlos D. Badel re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiff Carlos D. Badel and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess

of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

29. Defendant Bringer Corporation was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an international shipping company and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time during the business and shipped out of the Country. Therefore, there is FLSA individual coverage.

31. Defendants Bringer Corporation and Eduardo De Castro employed Plaintiff Carlos D. Badel as a non-exempt, full-time, employee from approximately October 03, 2018, to August 04, 2023, or more than four years. However, for FLSA purposes, Plaintiff's relevant employment period is 134 weeks.

32. Within the relevant employment period Plaintiff was paid an annual salary of approximately $75,000.00 for 2021, $87,000.00 for 2022, and $95,000.00 for 2023.

33. During his employment with Defendant, Plaintiff was misclassified as a Warehouse Manager. However, according to his primary duties, Plaintiff was a lead warehouse

employee with additional responsibilities, such as directing the work of six other warehouse employees.

34. Plaintiff's primary duties were non-exempt, manual, repetitive warehouse work including receiving, shipping, sorting, palletizing, packing, labeling, disposal of warehouse garbage, cleaning, and all the work necessary to operate the warehouse. These and other manual tasks constituted 80% of Plaintiff's work. Plaintiff had additional clerical responsibilities preparing warehouse and shipping documentation.

35. Consequently, Plaintiff did not meet the requirements for any overtime payment exemption, and he was entitled to be paid for every overtime hour worked.

36. During the relevant period of employment at Bringer Corporation, Plaintiff worked six days per week on a regular schedule a total of 67 hours weekly. Plaintiff has already deducted from his working hours 6 hours of lunchtime for the week.

37. Plaintiff worked more than 40 hours every week, but he was not paid for overtime hours.

38. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Defendants could track the hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was working.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid weekly with checks and paystubs that did not reflect the number of days and hours worked.

41. On or about August 04, 2023, Plaintiff left his position to look for better employment opportunities.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Plaintiff does not have time and payment records, but he will provide a reasonably good-faith estimate based on his recollections and knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Forty-Three Thousand Seven Hundred Forty-Six Dollars and 75/100 ($43,746.75)

    b. <u>Calculation of such wages:</u>

       Total period of employment:  More than 4 years
       Relevant weeks of employment:  134 weeks
       Total days worked: 6 days worked
       Total hours worked: 67 hours
       Total unpaid O/T hours: 27 O/T hours

       **1.- Overtime 2021- 51 weeks**
       Relevant weeks:  51 weeks
       Unpaid O/T hours: 27 hours
       Salary: $75,000.00 annually:52 weeks=$1,442.30
       Weekly salary: $1,442.30: 67 working hours=$21.52
       Regular rate: $21.52 x 1.5=$32.28 O/T rate – $21.52 O/T rate paid=$10.76
       Half-time: $10.76

       Half-time: $10.76 x 27 O/T hours=$290.52 weekly x 51 weeks=$14,816.52

       **2.- Overtime 2022- 52 weeks**
       Relevant weeks:  52 weeks
       Unpaid O/T hours: 27 hours
       Salary: $87,000.00 annually:52 weeks=$1,673.07
       Weekly salary: $1,673.07: 67 working hours=$24.97
       Regular rate: $24.97 x 1.5=$37.45 O/T rate – $24.97 O/T rate paid=$12.48
       Half-time: $12.48

    Half-time: $12.48 x 27 O/T hours=$336.96 weekly x 52 weeks=$17,521.92

    **3.- Overtime 2023- 31 weeks**
    Relevant weeks: 31 weeks
    Unpaid O/T hours: 27 hours
    Salary: $95,000.00 annually:52 weeks=$1,826.92
    Weekly salary: $1,826.92: 67 working hours=$27.26
    Regular rate: $27.26 x 1.5=$40.89 O/T rate – $27.26 O/T rate paid=$13.63
    Half-time: $13.63

    Half-time: $13.63 x 27 O/T hours=$368.01 weekly x 31 weeks=$11,408.31

    Total #1, #2, and #3: $43,746.75

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages[1].

45. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty (40) per workweek as provided in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

47. Defendants Bringer Corporation and Eduardo De Castro willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remained owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Carlos D. Badel and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Carlos D. Badel and other similarly situated individuals and against Defendants Bringer Corporation and Eduardo De Castro based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Carlos D. Badel actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and available under Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Carlos D. Badel demands a trial by a jury of all issues triable as a right by a jury.

Dated:  January 31, 2024

                                          Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*